WALDEN, Justice
(dissenting):
I simply cannot endorse the proposition that a trial court can temporarily postpone adjudication and sentence pending pre-sen-tence investigation and receipt by the defendant of medical care — have the defendant flee or by self-help defeat the court’s jurisdiction — enjoy his freedom from sentence while the statute (F.S.1969, § 775.14, F.S.A.) ran, and thereby defeat the administration of punishment. The majority construction, if I assay it correctly, has the effect of telling every defendant who awaits pre-sentence investigation that if he can only hide for five years the law will bar the court from ever imposing sentence. After all, a defendant must be present to be sentenced and it hardly comports with logic to say that the sentence here was withheld when defendant took himself out of the court’s reach and could not be made answerable to a bench warrant.
A contrary and preferable result, in my judgment, could be obtained by
(1) Recognizing that defendant had not been yet “convicted” and hence the statute by its terms would not be applicable or operative ;
*458 (2) Interpreting the statutory words “receiving a withheld sentence” as not being applicable when sentencing is postponed temporarily for reason certain such as pre-sentence investigation or hospitalization. This accords with the exception stated in State v. Bateh, Fla. 1959, 110 So.2d 7, wherein it is recorded:
“It is plain, then, from the language in Helton v. State, supra, that the power of trial judges to hold in abeyance the passage of sentences and to impose them any time in the future, regardless of probation, is disapproved. For procedural reasons such as the determination of ‘motions and other matters arising between verdict and judgment, [or for the purpose of] gaining information necessary to the imposition of a just sentence; or during the pendency of other charges, or for other good and valid reasons/ to quote from Bateh v. State, supra, the language copied in Helton v. State, supra, there may be justifiable delay, and when convicts are put on probation the sentences, of course, may be deferred conditioned on obedience to the terms of probation.” (Emphasis supplied.)
According to the instant facts, the delay in sentencing was certainly justified.
(3) Deciding, as a matter of intent— both legislative and judicial — that the wrong sought to be remedied by the statute and the cases interpreting same was in nowise involved in the instant case.
(4) The running of the five year statutory period should be tolled by the trial court’s action in issuing a bench warrant prior to its expiration. This manifestly exhibits an intention on the part of the trial court to terminate the “withheld” sentence — which act according to the terms of the statute would render same inapplicable because of the effort of the court to alter the “sentence”.
I feel from the foregoing there is a justifiable basis for interpreting the statute so as to allow an affirmance of the trial
court. Thus, as a matter of statutory interpretation — which interpretation is in harmony with the legislative intent and the authorities construing the statute — I would affirm.